UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| LUZ MERY GUTIERREZ VERGARA ) | CRIMINAL NO. 07-248-5 |
| ) | |
| Defendant. ) | |

**FILED**
APR 3 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM & ORDER

Defendant Luz Mery Gutierrez Vergara is charged in a multi-count indictment with conspiracy to provide material support to a foreign terrorist organization and with providing material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339(B)(a)(1). Now before the Court is the government's oral motion to hold defendant Gutierrez Vergara without bond pending trial. The Court conducted a hearing on the matter on April 29, 2009. At the hearing, the defendant stated that she took no position on detention. Upon consideration of the oral motion, the government's proffer of evidence, and the lack of any opposition, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community were the defendant to be released. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

**I.      THE GOVERNMENT'S PROFFER AND EVIDENCE**

At the April 29, 2009 hearing, the government made the following factual proffer:

In and around 2005, defendant Gutierrez Vergara was involved in providing material support to the FARC[1] (the Revolutionary Armed Forces of Colombia). Specifically, Gutierrez Vergara provided advanced communications networks and satellite telephones to members of the FARC, knowing that the communications networks would be used to further the terrorist organization. Gutierrez Vergara also owned and operated a call center that was used to by other coconspirators and members of the FARC. Gutierrez Vergara often assisted these individuals in their communications, knowing that they were being made to further the terrorist organization.

## II.  DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. Among the factors a court should consider are "the nature and circumstances of the

---

[1] FARC is derived from the Spanish name Fuerzas Armadas Revolucionarias de Colombia and is designated as a foreign terrorist organization by the United States Department of State.

offense charged, including whether the offense is a crime of violence," whether the offense involved a firearm, and several other factors. 18 U.S.C. § 3142(g)(1). Courts also should consider the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and magnitude of the danger to the community or individual persons if the defendant should be released. *Id.* at § 3142(g)(2)-(4).

### A.   Danger to the Community

The government has carried its burden of establishing, by clear and convincing evidence, that defendant Gutierrez Vergara is a danger to the community.

First, the Court examines the nature and circumstances of the offense. The offense is serious, and carries a maximum term of imprisonment of ten years or more. Accordingly, the defendant is subject to a statutory presumption that she is a danger to the community. *See* 18 U.S.C. 3142(f)(1)(C). The weight of the evidence against the defendant is strong. The government has recorded telephone calls in which the defendant is heard speaking with coconspirators and discussing the conspiracy in coded language. The government also has witnesses willing to testify against the defendant, and the witness has been identified by law enforcement agents as the individual heard on the calls. In addition, the defendant did not proffer any characteristics that would weigh in favor of her release.

After considering that the alleged offense is serious and that the government's evidence is strong, the Court concludes that Gutierrez Vergara's release would pose an unreasonable danger to the community despite any conditions that could be placed on her during her release.

### B.   Risk of Flight

The Court has also determined that, by a preponderance of evidence, Gutierrez Vergara is

a risk of flight. She is not a United States citizen, has extensive foreign ties, and has communications expertise.

### III. <u>CONCLUSION</u>

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that detention of the defendant is appropriate pending trial. The Court finds that the defendant's release, under any conditions, would pose an unreasonable danger to the community and a risk of flight. Accordingly, it is hereby

ORDERED that the government's motion for detention pending trial is GRANTED; it is further

ORDERED that the defendant continue to be detained without bond; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____      _4/30/09_____
Chief Judge Royce C. Lamberth                        Date